# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL G. POSTAWKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01053-CDP |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Scott Flieg's ("Officer Flieg) motion to dismiss. (Docket No. 18). Having reviewed the motion, and for the reasons discussed below, the motion will be denied.

## Background

Plaintiff is a self-represented litigant currently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic & Correctional Center (ERDCC) in Bonne Terre, Missouri.

On May 11, 2018, plaintiff initiated this civil action in the Circuit Court of St. Francois County, naming five separate defendants. The complaint was brought pursuant to 42 U.S.C. § 1983 and article 1, section 10 of the Missouri Constitution. In the complaint, plaintiff accused defendants of retaliating against him for the filing of grievances and lawsuits.

On June 29, 2018, three defendants, including Officer Flieg, filed a notice of removal in this Court. Pursuant to 28 U.S.C. § 1915A, the Court reviewed plaintiff's complaint. Ultimately, on November 15, 2019, the Court dismissed all plaintiff's claims, with the exception of a First Amendment retaliation claim against Officer Flieg. (Docket No. 16).

On December 6, 2019, Officer Flieg filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 18). Officer Flieg also submitted a memorandum in support of the motion. (Docket No. 19). Plaintiff filed a response in opposition to the motion on December 26, 2019, and Officer Flieg responded on January 6, 2020. (Docket No. 22; Docket No. 23).

## The Motion to Dismiss

Officer Flieg's motion to dismiss is premised on three separate grounds. First, Officer Flieg asserts that plaintiff has failed to show that he was motivated by plaintiff's grievance or lawsuits in issuing a conduct violation, and that the violation was issued because plaintiff actually violated a prison rule. Second, Officer Flieg contends that plaintiff has failed to demonstrate that the issuance of a conduct violation would chill a prisoner of ordinary firmness from filing grievances or lawsuits. Finally, Officer Flieg argues that he is entitled to qualified immunity. If the Court does not grant his motion to dismiss, Officer Flieg requests that the Court strike immaterial or redundant portions of plaintiff's complaint.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all

reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

## Discussion

Officer Flieg has moved to dismiss plaintiff's First Amendment retaliation claim against him pursuant to Fed. R. Civ. P. 12(b)(6). As a general matter, the First Amendment prohibits government officials from retaliating against an individual for speaking out. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). In order to establish a First Amendment retaliation claim, a plaintiff must show three things: first, that he engaged in a protected activity; second, that a government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and finally, that the adverse action was at least partly motivated by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). While the filing of a false disciplinary charge itself is not actionable under § 1983, such a filing becomes actionable if it is done in retaliation for the inmate's filing of a grievance. *Dixon v. Brown*,

3

38 F.3d 379, 379 (8th Cir. 1994). That is, "[a]n inmate has a viable § 1983 claim where a prison official files a disciplinary charge in retaliation for the inmate's exercise of his constitutional rights." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014). *See also Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010) (stating "that actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983").

Here, plaintiff states that before transferring to ERDCC, he was in the honor wing at his previous institution, where he had never had a major conduct violation or dangerous contraband violation. He also asserts he was a high-profile litigant, who had filed a potentially-costly lawsuit against the Missouri Department of Corrections. Soon after arriving at ERDCC, and eight days after filing a grievance related to alleged tampering of his legal mail, plaintiff's cell was searched by Officer Flieg. Plaintiff alleges that the search conducted by Officer Flieg was suspicious, as Flieg nearly closed the cell door, covered the window, and took a long time. He also states that he never saw the knife Officer Flieg claimed to have found. Further, plaintiff believes that he was singled out, because his cellmate was not given a conduct violation. As a result of Officer Flieg's search, plaintiff received a conduct violation and thirty-day in-cell restriction. He also notes that the conduct violation may be harmful when he is considered for parole.

In short, plaintiff has presented facts showing that he engaged in a protected activity, that Officer Flieg took adverse action against him that would chill a person of ordinary firmness, and that this action was taken in retaliation for plaintiff's engagement in the protected activity. The Court must accept these allegations as true, as well as make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). *See also Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (explaining that a "claim has sufficient facial plausibility to survive [a motion to dismiss] where the plaintiff has pled enough facts to allow the

4

Court to reasonably infer that the defendant is liable for the alleged misconduct"). Moreover, because plaintiff is a pro se litigant, his complaint must be liberally construed, and held to less stringent standards than the formal pleadings drafted by lawyers. *See Jackson*, 747 F.3d at 541; and *Solomon*, 795 F.3d at 787. Finally, because the Court has determined that plaintiff's complaint, liberally construed, establishes a constitutional violation, Officer Flieg's argument that he has qualified immunity is unavailing.

With regard to Officer Flieg's request that the Court strike immaterial or redundant portions of the complaint, the Court has determined that the complaint is not so vague or ambiguous that Officer Flieg cannot reasonably frame a responsive pleading. *See* Fed. R. Civ. P. 12(e) (stating that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response"). Moreover, upon review of Officer Flieg's motion, and the memorandum submitted in support, the Court notes that Officer Flieg has demonstrated the ability to articulate plaintiff's claim. As such, it appears that he will also have the ability to either admit or deny that claim in an answer.

For the reasons discussed above, the Court will deny Officer Flieg's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As such, defendant will be required to file an answer within fourteen days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (Docket No. 18) is **DENIED**.

5

**IT IS FURTHER ORDERED** that defendant shall file an answer within **fourteen (14) days** of the date of this order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2020.